**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFAN MILLER, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>AUTONATION, INC.,<br><br>　　　　　　　Defendant. | Case No.　8:26-cv-904<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Steffan Miller ("Plaintiff") brings this Class Action Complaint against Defendant AutoNation, Inc. ("AutoNation"), to put an end to Defendant's unlawful practice of using the names and identities of California residents without their consent in order to promote Defendant's dealerships and services. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his own attorneys.

## NATURE OF THE ACTION

1.     Defendant AutoNation is the largest automotive retailer in America.[1] "Since 1996, AutoNation has sold and serviced over 12,000,000 new and pre-owned vehicles."[2]

2.     AutoNation provides consumers with numerous services such as automotive maintenance, repairs, leases, and sales, among others dealership offerings.

3.     AutoNation maintains a vast digital database comprised of its customers' names, information, and vehicles' history.

4.     To market its services, Defendant creates fictitious reviews for its dealerships and services, posting on various review websites such as www.dealerrater.com.

5.     In doing so, Defendant uses consumers' identities to advertise and endorse its business. The people appearing in these advertisements never provided Defendant with their consent (written or otherwise) to use their identities for any reason, let alone for Defendant's own marketing and commercial purposes.

---

[1] https://www.bmwbuenapark.com/why-choose-autonation.htm#:~:text=AutoNation%20is%20America's%20Largest%20Automotive%20Retailer%20with,manufacturer%20brands%20operating%20in%20over%2015%20states.

[2] *Id*.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    1

6. Defendant knowingly obtains, discloses, and uses identifying information of California residents. Indeed, this lawsuit revolves around Defendant's business practice of acquiring identifying information about California residents with the specific intent of using that information to promote and advertise AutoNation's services and to encourage potential customers to choose AutoNation.

7. By knowingly using Plaintiff and Class members' identity in their advertisements without consent and for their own commercial gain, Defendant violated the California right of publicity law. Cal. Civ. Code § 3344.

## PARTIES

8. Plaintiff Steffan Miller is a natural person and a resident of Orange County, California. In or around January 2026, Plaintiff Miller visited Defendant's AutoNation Toyota Irvine, in Irvine, California. Subsequently, Defendant used Plaintiff Miller's identity to promote and advertise AutoNation's services without Plaintiff's consent, as described below.

9. Defendant AutoNation, Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business located at 200 SW 1st Ave., 16th Floor, Fort Lauderdale, Florida 33301.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 members of the Class, defined below, many of which are citizens of a different state than Defendant. Defendant AutoNation is a corporation incorporated in Delaware and maintains its principal place of business in Florida.

11. This Court has personal jurisdiction over Defendant because Defendant does business in California and has sufficient minimum contacts with this state, including within this District. Additionally, the events giving rise to this action occurred within this District.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                               2

12.     Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

### FACTUAL ALLEGATIONS

*The California Right of Publicity Statute*

13.     The California legislature enacted a right of publicity statute in 1971 (the "California Right of Publicity Statute") to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

14.     The statute protects individuals from the unauthorized use of any of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, voices, or a substantially similar limitation of one or more of those attributes in the sale or advertisement of products, goods, merchandise, and services.

15.     In fact, the statute states that, "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." Cal. Civ. Code § 3344(a).

*Defendant Uses Individuals' Identities to Promote Its Services.*

16.     AutoNation maintains a vast digital database comprised of its customers' names, information, and vehicles' history.

17.     Using its consumers' record, AutoNation has engaged in a practice of misappropriating consumers' identities for its own commercial gain by using Plaintiff's and the Class's identities in conjunction with fictitious reviews of AutoNation—entirely without their knowledge or consent.

18.     Defendant created and/or controls the database of consumers information and creates fictitious reviews of AutoNation dealerships and services.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                         3

19.    As shown in Figure 1, when a consumer searches for reviews of a dealership or automotive services, websites such as www.dealerrater.com display reviews for each location.

20.    When a consumer visits www.dealerrater.com they may select his or her desired AutoNation dealership. Reviews of that location populate.

*Figure 1*



21.    However, many of AutoNation's reviews are not true testimonials, as Defendant creates fictitious reviews for its dealerships and services. Defendant, without Plaintiff or consumers' consent, uses Plaintiff and consumers' identities for reviews endorsing AutoNation.

22.    For example, as seen in Figure 2, Defendant misappropriates Plaintiff's identity by using his "name, voice, signature, photograph, or likeness" to "advertis[e] or sell[], or solicit[]" AutoNation's services. Cal. Civ. Code § 3344(a).

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    4

***Figure 2***



23.    AutoNation misappropriates Plaintiff Steffan Miller's identity by assisting and/or creating a fictitious review using his full name and personal vehicle. *See* Figure 2. Plaintiff Miller did not consent nor have any prior knowledge of Defendant's use of his identity.

24.    AutoNation discloses its customers' identities, without their knowledge or consent, to fictitiously review its dealerships, to advertise and/or endorse its services.

25.    Defendant's use of its customers' names and information constitutes a commercial use of its customers' identities on or in connection with products, merchandise, goods, or services under Cal. Civ. Code § 3344.

26.    As the subjects of commercial transactions, the aspects of Plaintiff and consumers' identities that Defendant uses on or in connection with its products, services, or other commercial activities have significant commercial value.

27.    Because AutoNation does not seek its customers' consent, written or otherwise, prior to using their names and identities on or in connection with the

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    5

posting of fictitious reviews, its customers remain unaware that their identities are being trafficked on the open market in this way.

28.     By using Plaintiff's and the Class members' names and identities on and in connection with its fictitious AutoNation reviews, without their prior consent, Defendant has directly violated (and continues to directly violate) Cal. Civ. Code § 3344.

29.     Defendant has knowingly, intentionally, and willfully violated the California Right of Publicity statute.  Plaintiff is informed and believes that, during the time period relevant to this action, Defendant, either directly or through one or more intermediaries acting on its behalf and at its direction, directed and oversaw the compilation and assembly of its customer database and the use of the names and identities of Plaintiff and the members of the Class on or in connection with advertising fictitious reviews of AutoNation.  Defendant has reaped, and continues to reap, significant profits from its nonconsensual advertising containing the names and likenesses, personas, or identities, along with other personally identifying attributes of Plaintiff and the members of the Class.

30.     Plaintiff Miller, on behalf of himself and other similarly situated California residents, brings this action against Defendant for AutoNation's violations of the California Right of Publicity Statute, and seeks (1) injunctive relief requiring Defendant to cease using California residents' names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Miller's and California Class members names and identities) or statutory damages of $750 per violation to the members of the California Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Cal. Civ. Code § 3344(a).

*Facts Specific To Plaintiff Miller*

31.    Plaintiff Steffan Miller discovered that Defendant was using his identity to advertise and/or solicit the services of AutoNation, on www.dealerrater.com.

32.    On February 1, 2026, Defendant specifically identified Plaintiff by his full name, vehicle, and location in a fictitious review on www.dealerrater.com. *See* Figure 2.

33.    Plaintiff never provided Defendant with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized Defendant to use his identity to promote any of its products or services.

34.    Defendant has never provided Plaintiff with compensation of any kind for its use of Plaintiff's identity in connection with any advertising on www.dealerrater.com, or any other website.

<u>**CLASS ALLEGATIONS**</u>

35.    **Class Definition**: Plaintiff Steffan Miller seeks to represent a class defined as all California residents who were attributed to writing an AutoNation review that they did not author (the "Class").

36.    Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.    **Numerosity**: The exact numbers of members of the Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable given the scale of Defendant's business. Members of the Class can be identified through Defendant's records.

38.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant used Plaintiff's and Class members' names and identities for a commercial purpose;

   b. Whether Plaintiff and Class members provided their written consent to Defendant to use their names and identities in advertisements and reviews;

   c. Whether the conduct described herein constitutes a violation of California Right of Publicity Statute; and

   d. Whether Plaintiff and the members of the Class are entitled to injunctive relief;

39.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

40.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defense unique to Plaintiff.

41.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    8

damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the Violation of the California Right of Publicity Statute
### Cal. Civ. Code § 3344
### (On behalf of Plaintiff Miller and the Class)

42. Plaintiff Miller incorporates the foregoing allegations as if fully set forth herein.

43. Plaintiffs Miller brings this claim individually and on behalf of the members of the Class.

44. The California Right of Publicity Statute prohibits and provides damages for the knowing misapropriation of an individual's name, voice, signature, photograph, or likeness in advertising or soliciting without the individual's prior consent. *See* Cal. Civ. Code § 3344(a).

45. AutoNation has engaged in a practice of misappropriating consumers' identities from its database to share and/or create fictitious reviews of AutoNation's services—entirely without consumers' knowledge or consent.

46. As described above, to promote its business and services, Defendant used and/or use Plaintiff Miller's and the members of the putative Class's identities

on various websites, including www.dealerrater.com, which display the individuals full name, location, and related vehicle information, in fictitious reviews.

47. Defendant's use of Plaintiff and Class members' identities have a commercial purpose in that they promote Defendant's services and encourage potential customers to choose AutoNation.

48. Plaintiff Miller and members of the Class never provided Defendant with their consent to use their identities in advertisements and/or reviews of AutoNation's dealerships and services. Defendant deprived Plaintiff Miller and members of the Class control over whether and how their names can be used for commercial purposes.

49. By using their identities in advertisements and/or reviews to promote and sell its services, Defendant derived economic value from Plaintiff Miller and the members of the Class's identities and, in turn, deprived Plaintiff Miller and the members of the Class of such value. Defendant did not compensate Plaintiff Miller and the members of the Class for its use of Plaintiff Miller's and the members of the Class's identities. This conduct resulted in economic injury to Plaintiff Miller and the members of the Class.

50. Based upon Defendant's violation of the California Right of Publicity Statute, Plaintiff Miller and the members of the Class are entitled to (1) an injunction requiring Defendant to cease using their names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Miller's and the members of the Class's names and identities) or statutory damages of $750 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Cal. Civ. Code § 3344(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

A.    Certifying this case as a class action defined above, appointing Plaintiff Steffan Miller as representative of the Class, and appointing his attorneys as Class Counsel;

B.    Declaring that Defendant's actions described herein constitute a violation of the California Right of Publicity Statute;

C.    Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.    Awarding the greater of actual damages, including the profits derived from the wrongful and unlawful acts described herein, or statutory damages in the amount of $750 per violation to the members of the Class;

E.    Awarding punitive damages where applicable;

F.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.    Awarding Plaintiff and the Class pre- and post-judgment interest; and

H.    Granting such other and further relief as the Court deems equitable and just.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, demands a trial by jury for all issues so triable.

Dated: April 14, 2026           Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ *Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606

Telephone:  (914) 874-0710
Facsimile:  (914) 206-3656
Email: pfraietta@bursor.com

*Attorneys for Plaintiff and the Putative Class*